MASSACHUSETTS PIKE TOWERS ASSOCIATES vs. COMMISSIONER
OF REVENUE & another.[1]

Suffolk.  September 11, 1980. — October 1, 1980.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, & LIACOS, JJ.

*Taxation,* Urban redevelopment corporation; Real estate tax: abatement.
   *Words,* "Abatement."

For purposes of calculating the excise due on certain real estate owned
   by the appellants, exemptions that were available to the appellant's
   predecessors in title by reason of their tax-exempt status were not
   abatements as that word is used in G. L. c. 121A, § 10. [585-586]

APPEAL from a decision of the Appellate Tax Board.

*James J. Marcellino,* for the plaintiff, submitted a brief.
*Stephen S. Ostrach,* Assistant Attorney General, for the
Commissioner of Revenue.
*John T. Gaffney,* Special Assistant Corporation Counsel,
for the Board of Assessors of the city of Boston.

WILKINS, J.  The appellant, an urban redevelopment cor-
poration organized under G. L. c. 121A, was obliged to pay
an excise with respect to 1971 and 1972.  In the circum-
stances, the excise was calculated by using the average of
the assessed valuation of all real estate on the premises in
Boston now owned by the appellant on the three assessment
dates next preceding its acquisition by the Boston Redevel-
opment Authority, from whom in turn the appellant ac-
quired the premises.  G. L. c. 121A, § 10, third par., as ap-
pearing in St. 1956, c. 640, § 4. Section 10 provides that the
assessed valuation on each assessment date must be "reduced
by all abatements, if any."  A portion of the appellant's real
estate was owned by and used for the purposes of tax-

---

[1] Board of assessors of the city of Boston.

exempt entities on each of the relevant assessment dates. The appellant argues that, because a portion of its property was exempt from local taxation during the three-year period, its excise should be computed without regard to the assessed value of that property. The claim is that the exemptions that were available to the tax-exempt entities were "abatements" within the meaning of the word in G. L. c. 121A, § 10.

The State Tax Commission, now the Commissioner of Revenue, declined to reduce the appellant's excise based on this claim. The appellant sought relief in the Appellate Tax Board (board). The assessors of the city of Boston were added as a party appellee.[2] The board ruled that the exemption from local taxation available to the appellant's predecessors in title was not an abatement as that word is used in G. L. c. 121A, § 10. In this appeal from the board's decision, we affirm the decision of the board.

We agree with the board that the word "abatement" refers to the consequences of a reduction in the assessed valuation of the real property used in the calculation of the excise. The board rightly relied on language in *Belt Realty Corp.* v. *State Tax Comm'n*, 363 Mass. 52, 56-57 (1973), where the court stated: "We are here concerned solely with the meaning of the word 'abatements' as it is used in the part of § 10 which refers to 'the assessed valuation for each assessment date being reduced by all abatements, if any.' It is clear that in this context the word means abatements resulting from reductions in the assessed valuation of real estate. Such a reduction contemplates and involves a determination that the real estate in question was taxed 'in excess of its fair cash value' and that the assessed valuation has been reduced pursuant to an application for abatement under G. L. c. 59, § 59, as amended."

It is true that the factual circumstances in the *Belt Realty* case were different. There, reduced payments had been ac-

---

[2] The excise collected by the Commonwealth (G. L. c. 121A, § 10, third par.) is "distributed, credited and paid" to the municipality where the project of the corporation is located (G. L. c. 121A, § 10, fifth par.).

cepted in settlement of taxes owed by a corporation in financial difficulty and the unpaid balance had been abated. However, we adhere to the view we expressed there concerning the meaning of the word "abatement" in § 10. In this case, assessed valuation of the relevant real estate was reduced, and, therefore, no abatement occurred.[3]

The view we take leads to a more uniform treatment of urban redevelopment corporations than would result from acceptance of the appellant's position. There is no apparent reason for reducing an excise otherwise payable simply because of the fortuity that all or part of a corporation's real estate previously had been owned by an organization that was not obliged to pay local real estate taxes. We find no indication of a legislative purpose to encourage urban redevelopment corporations to acquire property whose ownership and use, at the relevant times, made it exempt from local taxation.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*

---

[3] We recognize, as we did in the *Belt Realty* case, 363 Mass. at 56, that the word "abatement" is sometimes used in a broader, more general sense. We limit our definition to the word "abatement" as used in the applicable portion of G. L. c. 121A, § 10.