COMMISSIONER OF REVENUE vs. PAT'S SUPER MARKET, INC.

Suffolk. May 3, 1982. — August 31, 1982.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Taxation,* Appellate Tax Board: jurisdiction. *Jurisdiction,* Appellate Tax Board.

Where a supermarket had not filed a meals tax return for the period in question, the Appellate Tax Board did not have jurisdiction of the supermarket's appeal from the denial of its application for an abatement of the meals tax assessed on the sale of sandwiches and party platters, even though the sale of the party platters was not subject to the meals tax. [310-311]

APPEAL from a decision of the Appellate Tax Board.

*Judith S. Yogman,* Assistant Attorney General, for Commissioner of Revenue.

*Lawrence M. Sinclair* for the taxpayer.

NOLAN, J. This is an appeal by the Commissioner·of Revenue (Commissioner) from a decision of the Appellate Tax Board (board) abating the meals taxes assessed on the sale of "party packs" by Pat's Super Market, Inc. In 1977, the Commissioner conducted a meals tax audit of Pat's Super Market, Inc. (taxpayer), and found the taxpayer to be delinquent in the payment of meals taxes on party platters and sandwiches sold during the period of November, 1975, through August, 1977. No meals tax returns had been filed by the taxpayer during that period. In August, 1978, the Commissioner assessed a meals tax of $8,634, plus interest and penalties. The taxpayer paid the assessment and filed a timely application for abatement, but did not file a meals tax return. The Commissioner denied the abatement application and the taxpayer appealed to the State Tax Commission, who also denied it. The taxpayer then appealed to the board. The Commissioner moved to dismiss the appeal on

the ground that the taxpayer had failed to file a tax return for the period in question as required by G.L. c. 62C, § 38. The board denied the Commissioner's motion and conducted a hearing on the merits. The board found that the party packs were not "meals" within the meaning of the then relevant statute, G. L. c. 64B, §§ 1, 2B (now G. L. c. 64H, § 6 [h]), and abated the meals taxes assessed on the party packs, which the parties agreed amounted to $7,809, plus interest and penalties. This appeal followed.

The Commissioner argues that the decision of the board must be vacated because the board did not have jurisdiction over the taxpayer's appeal. We agree that the board did not have jurisdiction. General Laws c. 62C, § 38, provides, in pertinent part: "No tax assessed on any person liable to taxation shall be abated unless the person shall have filed, at or before the time of bringing his application for abatement, a return as required by this chapter for the period to which his application relates." The former version of G. L. c. 62C, § 16 (b), which was in effect during the period in question, required that meals tax returns be filed monthly with the Commissioner. It is undisputed that the taxpayer failed to file any returns for the period in question, either at the time they were due under former G. L. c. 62C, § 16 (b), or at, or before the time of bringing the application for abatement. G. L. c. 62C, § 38.

The taxpayer argues that it was not required to file a return under § 38, because it is not a "person liable to taxation" since its party packs are not meals and are not taxable. The board accepted this argument and assumed jurisdiction of the appeal. This argument is sound as far as it goes, but it is incomplete. As to party packs, the taxpayer is not a "person liable to taxation" because party packs are not meals and are not taxable. However, its sales of sandwiches qualify the taxpayer as a "person liable to taxation" and, thus, the taxpayer was required under § 38 to file a return because, as it concedes, there is liability for taxation on the sale of its sandwiches.

The taxpayer next argues that we should overlook the jurisdictional defect and decide the case on the merits, because the board has heard the case and rendered a decision, and because the failure to file a return is an "insignificant" step in the abatement appeal process. Since the remedy of abatement is created by statute, the board has only that jurisdiction conferred on it by statute, *Stilson* v. *Assessors of Gloucester*, 385 Mass. 724, 732 (1982). The board "has no jurisdiction to entertain proceedings for relief by abatement begun at a later time or prosecuted in a different manner than is prescribed by the statute." *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 492 (1936). Adherence to the statutory prerequisites is essential to "effective application for abatement of taxes and to prosecution of appeal from refusals to abate taxes." *New Bedford Gas & Edison Light Co.* v. *Assessors of Dartmouth*, 368 Mass. 745, 747 (1975). It is undisputed that the taxpayer failed to file a return as required by § 38. Section 38 sets up a clear and precise requirement that a return be filed by a "person liable to taxation," as a prerequisite to obtaining an abatement. Such an explicit prerequisite cannot be considered "trivial" or insignificant as were the much less significant defects found in *Becton, Dickinson & Co.* v. *State Tax Comm'n.*, 374 Mass. 230 (1978) (application for abatement filed after notice of intent to assess but before actual notice of assessment), and in *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74 (1975) (failure of petitioner to elect a proper return day for the order of notice on the Director of Employment Security). Because of the taxpayer's failure here to follow the explicit statutory prerequisite found in § 38, the board did not have jurisdiction over the appeal and the board's decision must be vacated.

*So ordered.*