COLUMBIA PONTIAC CO., INC. *vs.* BOARD OF ASSESSORS OF BOSTON. August 12, 1985. *Appellate Tax Board,* Appeal.

Columbia Pontiac Co., Inc. (Columbia), is appealing from a decision of the Appellate Tax Board, which dismissed Columbia's appeal from the refusal of the board of assessors of Boston (assessors) to abate a tax on real estate for fiscal year 1982. The assessors claim that Columbia failed to make the tax payments which are required to invoke the jurisdiction of the Appellate Tax Board. G. L. c. 59, § 65 (1984 ed.).

According to G. L. c. 59, § 64, as in effect at the time relevant to this appeal, "if the tax due for the full fiscal year . . . is more than two thousand

---

dollars, said tax shall not be abated unless the full amount of said tax due has been paid without the incurring of any interest charges." The statute further provides that the "tax due" may be calculated as "a sum not less than the amount which would be assessable in the year of assessment of the tax upon a taxable valuation equal to the average of the taxable valuations of said parcel *as reduced by reason of abatements, if any*, for the three years next preceding said year" (emphasis added). Payment of the full amount of the tax due without incurring interest charges "is a condition precedent to the board's jurisdiction over an abatement appeal." *Stilson* v. *Assessors of Gloucester*, 385 Mass. 724, 732 (1982). See G. L. c. 59, § 65.

In this case, when Columbia made its final tax payment for fiscal year 1982, it had not yet obtained an abatement for fiscal year 1981. In fact, it had not even obtained the abatement by the time it filed its appeal with the Appellate Tax Board. Nonetheless, Columbia assumed the granting of that abatement when it calculated the average taxable valuation for the three years prior to 1982. Columbia contends that the term "abatements" in G. L. c. 59, § 64, includes not only abatements which have been formally granted, but also abatements which the taxpayer, on the basis of past experience, expects to be granted. We disagree.

The result in this case is controlled by our recent interpretation of the term "abatements" in a similar statute. General Laws c. 121A, § 10, third par. (1984 ed.), provides that, for the purpose of calculating the excise on real estate owned by an urban redevelopment corporation, prior assessed valuations shall be "reduced by all abatements, if any." We have held that the term "abatements" in this statute "means abatements resulting from reductions in the assessed valuation of real estate. Such a reduction contemplates and involves a determination that the real estate in question was taxed 'in excess of its fair cash value,' and that the assessed valuation has been reduced pursuant to an application for abatement under G. L. c. 59, § 59, as amended." *Massachusetts Pike Towers Assocs.* v. *Commissioner of Revenue*, 381 Mass. 584, 585 (1980), quoting *Belt Realty Corp.* v. *State Tax Comm'n*, 363 Mass. 52, 56-57 (1973). In short, the term "abatements" means abatements which are formally granted. We see no reason to depart from this interpretation in our construction of G. L. c. 59, § 64. Accordingly, Columbia has failed to pay the "tax due" under that statute, and has thus failed to invoke the jurisdiction of the Appellate Tax Board.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*

*Cornelius H. Kane, Jr.* (*John F. Driscoll* with him) for the taxpayer.

*Marie T. Lee*, Special Assistant Corporation Counsel (*Sharon J. Yokaitis*, Special Assistant Corporation Counsel, with her) for the defendant.