COMMISSIONER OF REVENUE *vs.* A.W. CHESTERTON
COMPANY.

Suffolk. November 7, 1990. - January 17, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Commissioner of Revenue. Taxation,* Corporate excise; Appellate Tax
Board: jurisdiction; Abatement. *Jurisdiction,* Appellate Tax Board.
*Estoppel.*

Where a corporate taxpayer whose excise tax had been assessed on the
basis of the "unitary business" approach, later determined to be unlaw-
ful, sought an abatement after the time allowed by G. L . c. 62C, § 37,
for doing so had expired, the taxpayer was not entitled to an abatement
and, consequently, the Appellate Tax Board both lacked jurisdiction to
grant the abatement and exceeded its jurisdiction in determining that
the taxpayer was entitled to a refund of an overpayment under
G. L. c. 62C, § 36. [467-469]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Thomas A. Barnico,* Assistant Attorney General, for the
Commissioner of Revenue.

*Chester M. Howe* for the taxpayer.

O'CONNOR, J. After the plaintiff taxpayer filed its 1980
corporate excise tax return and after an audit, the Commis-
sioner of Revenue (Commissioner) assessed the taxpayer an
additional excise of $177,316 plus interest. In arriving at the
additional assessment, the Commissioner used the "unitary
business" approach. The taxpayer paid the additional assess-
ment on August 11, 1983. On December 11, 1984, this court
decided in *Polaroid Corp.* v. *Commissioner of Revenue,* 393
Mass. 490 (1984), that the unitary business approach as it
had been implemented by the Commissioner was unlawful.

Seven months later, on July 23, 1985, after the time allowed by G. L. c. 62C, § 37, to apply to the Commissioner for an abatement had expired, the taxpayer filed such an application. In its application, the taxpayer challenged the unitary method the Commissioner had employed in assessing the tax-payer's 1980 excise. The Commissioner denied the application as untimely. The taxpayer then appealed to the Appellate Tax Board (board).

The board recognized that the taxpayer had not filed an application for abatement within the time limits prescribed by G. L. c. 62C, § 37. Nonetheless, the board concluded that the payment of the assessed tax was an "overpayment" within the meaning of G. L. c. 62C, § 36, which, under that section, the taxpayer was entitled to have refunded without an abatement application and regardless of the passage of time. Furthermore, the board concluded, the Commissioner has "inherent power" to refund taxes assessed unlawfully, regardless of whether a timely abatement application has been filed. The Commissioner appealed to the Appeals Court. We transferred the case here on our own initiative, and now reverse the board's decision.

General Laws c. 62C, § 37, provides with respect to abatement proceedings that "[a]ny person aggrieved by the assessment of a tax . . . may apply in writing to the commissioner, on a form approved by him, for an abatement thereof" within prescribed time limits. Section 39 then provides that "[a]ny person aggrieved by the refusal of the commissioner to abate a tax, in whole or in part, may appeal therefrom . . . by filing a petition with the clerk of the appellate tax board. If, on hearing, the board . . . finds that the person making the appeal was entitled to an abatement, it shall make such abatement as it sees fit." Pursuant to § 41, "[t]he remedies provided by section thirty-seven to forty, inclusive, shall be exclusive, whether or not the tax is wholly illegal."

"Since the remedy by abatement is created by statute the [board] has no jurisdiction to entertain proceedings for relief by abatement begun at a later time or prosecuted in a different manner than is prescribed by the statute." *Assessors of*

*Boston* v. *Suffolk Law School*, 295 Mass. 489, 492 (1936). *Commissioner of Revenue* v. *Pat's Super Market, Inc.*, 387 Mass. 309, 311 (1982). By the terms of § 39, the board had jurisdiction to "make such abatement as it [saw] fit," only if the board were to find that the taxpayer "was entitled to an abatement" from the Commissioner. Because the taxpayer failed to file a timely abatement application, the taxpayer was not entitled to an abatement from the Commissioner. Therefore, the board lacked jurisdiction to grant an abatement.

The fact is that the board did not purport to grant an abatement. Rather, the board reasoned that, even though it was conducting a § 39 review and the taxpayer had failed to file a timely abatement application, it could grant relief to the taxpayer from the Commissioner's failure to grant a refund under § 36, which does not require the filing of an application within a prescribed period. We do not agree with the board's reasoning.

Section 36 provides in significant part as follows: "If, on the verification of a return or otherwise, the commissioner determines that an overpayment of the full amount of any tax, and interest and penalties thereon, due with respect to such return has been made by the taxpayer, the amount of such overpayment may, in his discretion, be deducted from any unpaid amounts of any other taxes due from the taxpayer. The balance of such overpayment shall be refunded to the taxpayer . . . ." Nothing in § 36 suggests that the Commissioner's failure to refund under that section is subject to review by the board. Furthermore, nothing in § 39 or elsewhere in c. 62C, or in c. 58A, § 6 (jurisdiction of Appellate Tax Board), grants that authority. Section 39 is the source of the board's authority to "make such abatement as it sees fit" to any appellant "entitled to an abatement," but it is silent with respect to the board's jurisdiction to correct perceived errors under § 36. We hold that the board exceeded its juris-

diction in determining that the taxpayer was entitled to a refund of an overpayment under § 36.[1]

The board's decision was predicated not only on G. L. c. 62C, § 36, but also on its reasoning that "[t]he Commissioner has the inherent power to refund or abate an illegally assessed tax even if an Application for Abatement is not timely filed." We need not consider whether the Commissioner has such power because, even if he had it, he did not exercise it. The existence of such an unexercised power in the Commissioner would not justify the board's determination that a refund or abatement was required.

Finally, we address the taxpayer's argument based on principles of estoppel. After this court decided *Polaroid Corp.* v. *Commissioner of Revenue, supra,* the Commissioner publicly announced that he intended to grant refunds expeditiously to taxpayers who had been assessed taxes based on the unitary business approach. The gist of the taxpayer's argument on appeal is that the Commissioner's public statements "induced [the taxpayer] to proceed informally" rather than to follow statutorily required procedures. We reject that argument. Nothing in the record demonstrates that the Commissioner publicly suggested that taxpayers could obtain refunds without filing abatement applications. In fact, the record contains the board's finding that the Department of Revenue had informed the taxpayer in a letter dated February 22, 1985, four months before the c. 62C, § 37, abatement application deadline, that it had not yet received "claims for abatement relative to the unitary assessments for tax years 1980 and 1981," and that it "would appreciate your expeditious filing of those abatements."

---

[1] Parenthetically, we observe, without deciding, that, even if the board were to have jurisdiction to review § 36 decisions of the Commissioner, the taxpayer in this case would probably not be able to establish an overpayment without showing that it had paid more than it was assessed. In this case, the taxpayer was assessed $177,316 plus interest, and it paid that amount. Therefore, there seems to have been no overpayment in the § 36 sense.

The board's decision is reversed, and the case is remanded to the board for dismissal of the appeal.

*So ordered.*