State Street Boston Corporation *vs.* Commissioner of Revenue. No. 89-P-878. March 19, 1991. *Taxation*, Corporate excise, Corporation, Appeal, Abatement. *Words*, "Timely filed."

As in the case of *Tilcon Massachusetts, Inc.* v. *Commissioner of Rev.*, *ante* 264 (1991), the taxpayer, State Street Boston Corporation ("State Street"), realized that by reason of an Appellate Tax Board decision made February 27, 1987 (later affirmed in *General Elec. Co.* v. *Commissioner of Rev.*, 402 Mass. 523 [1988]), it was entitled to a refund of 1984 corporate excise taxes. State Street computed the amount of the refund at $334,150. Under G. L. c. 62C, § 37, the last day for filing State Street's return was March 15, 1985, and, accordingly, the last day for making application for abatement was March 15, 1988. On that latter date, State Street placed its application for abatement in the United States mail. The Commissioner received the application for abatement on March 18, 1988, and denied relief on the ground that it was not timely filed. The Appellate Tax Board, to which State Street petitioned for relief, affirmed the position of the Commissioner that the application for abatement had not been timely filed and dismissed the appeal for want of jurisdiction.

1. State Street argues that an application for abatement of a State excise tax is timely made if placed in the United States mails on the due

date. That contention was discussed and disposed of in *Tilcon Massachusetts, Inc.* v. *Commissioner of Rev., supra.*

2. In addition, State Street argues that its application for abatement should be seen as an amended tax return because it was accompanied by a schedule and computations which would be usual in a tax return. The reason State Street desires to characterize its submission dated March 15, 1988, as a tax return is that a tax return is timely filed when posted. Recovery of State and local taxes in Massachusetts must be sought by application for abatement, not through the filing of an amended return. Tax returns and applications for abatement are not interchangeable. *Fredkin* v. *State Tax Commn.*, 369 Mass. 973, 974 (1976). Were it otherwise, the time for seeking an abatement of taxes could be extended far beyond the statutory deadline through the expedient of filing an amended return. A taxpayer "may file an amended return along with his application for abatement if to do so would clarify [the] abatement claim." 830 Code Mass. Regs. § 62C.37.1(4)(b)(4) (1988).

3. The opinion in *Commissioner of Rev.* v. *A.W. Chesterton Co.*, 406 Mass. 466 (1990), disposes of the argument, advanced by State Street, that a taxpayer is entitled to a refund of an overpayment of taxes under G. L. c. 62C, § 36, irrespective of whether a timely request for an abatement had been filed.

4. Because case law had well settled that an application for abatement is timely only if received by the due date, see the *Tilcon* case, *supra*, there was no need for the Commissioner to adopt a regulation so stating.

*Decision of the Appellate
Tax Board affirmed.*

*Robert M. Buchanan, Jr.,* for the taxpayer.

*Mary C. Connaughton,* Assistant Attorney General, for Commissioner of Revenue.