RANDOLPH CREDIT UNION *vs.* BOARD OF ASSESSORS OF
RANDOLPH.

No 91-P-632.

Suffolk. May 18, 1992. - September 4, 1992.

Present: WARNER, C.J., KASS, & LAURENCE, JJ.

*Taxation,* Real estate: abatement. *Negotiable Instruments,* Payment.
Bank.

Where a taxpayer's check in payment of local real estate tax was drawn on
funds that had been lawfully placed on hold by the taxpayer's deposi-
tory bank pending a reasonable time for collection, with the result that
the bank returned the check for insufficient funds, causing the town not
to receive payment until after the tax was due, this court concluded
that the taxpayer had not made timely payment as required by G. L. c.
59, § 64, as a condition for taking an appeal to the Appellate Tax
Board from the denial of an abatement of the tax, and that, in conse-
quence, the board correctly dismissed the taxpayer's purported appeal.
[269-270]

APPEAL from a decision of the Appellate Tax Board.

*Mark J. Witkin* for the taxpayer.

*John Foskett* for the Board of Assessors of Randolph.

KASS, J. In a sense this case presents a variation on themes
expressed in *Tilcon Mass., Inc.* v. *Commissioner of Rev.,* 30
Mass. App. Ct. 264 (1991), and *State St. Boston Corp.* v.
*Commissioner of Rev.,* 30 Mass. App. Ct. 920 (1991),
namely the high degree of compliance demanded with time-
table requirements of abatement procedures in Massachu-
setts taxing statutes. Here the taxpayer's appeal to the Ap-
pellate Tax Board was dismissed for want of jurisdiction
because the taxpayer had not made timely payment of the
taxes as required by G. L. c. 59, § 64. From that dismissal
the taxpayer has appealed.

Among the conditions for filing an appeal with the Appel-
late Tax Board from the denial by local assessors of an appli-

cation for abatement of real estate tax is that the tax, if more than $2,000 for the fiscal year, must have been paid in full without any interest having become due on it. G. L. c. 59, § 64. See *Stilson* v. *Assessors of Gloucester*, 385 Mass. 724, 732 (1982). Preparatory to making payment of the tax installment due May 1, 1990, for real estate it owned in Randolph, the taxpayer, Randolph Credit Union, deposited four checks totalling $37,038.75 in an account the taxpayer maintained at the Provident Institution for Savings (the "Provident"). That was done April 27, 1990. On that same day, the taxpayer cut a check for $36,544.86, the tax due, on its Provident account and delivered that check to the collec-tor-treasurer of Randolph. Among the four checks deposited to cover the tax payment, one was in the amount of $30,000 and another $6,000, facts which were to acquire some significance.

The town deposited the taxpayer's check for collection, and on May 3, 1990, it bounced. What had happened was that the Provident had followed a policy under § 229.13(b) of Federal Reserve Board Regulation CC, appearing at 12 C.F.R. § 229.13(b) (1991), which authorized banks to place a hold on checks over $5,000. In the case of the Provident the holding period was five days and, thus, there were insuffi-cient funds credited to the taxpayer's account when its check to Randolph was presented for payment. It became necessary for the town to redeposit the taxpayer's check on May 11, 1990, and for the taxpayer to pay interest for the first eleven days of May on its now late payment. The taxpayer had failed to make full payment of the tax, "without the incur-ring of any interest charges on any part of said tax," G. L. c. 59, § 64, as appearing in St. 1982, c. 653, § 6, and, thus, lost the ability to take its appeal to the Appellate Tax Board.

To avoid the stricture of the statute, the taxpayer argues it had made timely payment to the town because it had deliv-ered a check drawn on an account at a solvent bank with sufficient funds in the account to cover the check. See *Terry* v. *Kemper Ins. Co.*, 390 Mass. 450, 455 (1983); *First Natl. Ins. Co.* v. *Commonwealth*, 391 Mass. 321, 326-327 (1984).

Funds are not sufficient, however, within the meaning of those cases, if they are lawfully classified by the depository bank as on hold pending reasonable time for collection.[1] For a discussion of Federal Reserve Board rules concerning the availability of funds from check deposits, see Clark, The Law of Bank Deposits, Collections and Credit Cards §§ 6.01-6.12 (3d ed. 1990). To satisfy G. L. c. 59, § 64, the tax collector is entitled to a check which will be honored and paid in the ordinary course, that is to say, in good funds. This requirement does not place an onerous burden on taxpayers who can write checks on collected funds or if, as here, they are playing close to the line of the collection process, make arrangements with their bank for suspension of otherwise routine hold periods. We need not decide what the consequences would be if a bank mistakenly dishonored a check to a municipal tax collector, drawn against collected funds in a taxpayer's account.

The decision of the Appellate Tax Board dismissing the appeal is affirmed.

*So ordered.*

---

[1] The taxpayer has not contended that the Provident failed to comply with regulatory notice requirements about its "hold" policy on large check deposits. See Federal Reserve Board Regulation CC § 229.13(g), 12 C.F.R. § 229.13(g) (1992), a matter which, in any event, would seem to be between the taxpayer and the bank rather than between the taxpayer and the tax collector.