NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-847

DESH, INC.[1]

vs.

COMMISSIONER OF REVENUE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On October 18, 2022, the Commissioner of Revenue

(commissioner) mailed three letters to Desh, Inc. (Desh)

suspending Desh's licenses to sell tobacco and electronic

nicotine delivery systems for ninety days for failure to pay

excise taxes.  The letters were sent by certified mail, without

a return receipt, through the United States Postal Service

(USPS), to the retail store (which is also Desh's principal

place of business).[2]  On November 3, 2022, Desh mailed a petition

to the Appellate Tax Board (board) challenging the suspension.

---

[1] Doing business as Bob's Market.

[2] The retail location and principal place of business of Desh is 163 W. Wyoming Avenue, Melrose, Massachusetts.

Under G. L. c. 62C, § 68 (§ 68), the petition must be filed "within ten days after written notice of the decision has been mailed or delivered to [Desh]." The commissioner filed a motion to dismiss the petition, contending that it was not timely filed and therefore the board did not have jurisdiction to hear the appeal.[3] Desh filed an opposition to the amended motion to dismiss questioning, among other things, the adequacy of the proof of delivery of the suspension letters.[4] The board found that the suspension letters were delivered on October 20, 2022, and therefore Desh's petition was untimely. Concluding that it lacked jurisdiction to hear the petition, the board dismissed it. Desh filed a motion for reconsideration which the commissioner opposed. The board denied the motion; this appeal followed. We affirm.

Our review of a decision of the board is well settled. "We will not modify or reverse a decision of the board if the decision is based on both substantial evidence and a correct

---

[3] After the commissioner filed its motion to dismiss, the board held a hearing. Following that hearing, the hearing examiner allowed the commissioner to file an amended motion to dismiss which included an affidavit from Vincent Piccolo, a tax examiner employed by the commissioner who sent the suspension letters to Desh.

[4] We note that the suspension letters informed Desh that any appeal must be filed within ten days after receipt of the suspension letter, which conflicts with the provisions of § 68. The commissioner should take care to issue notices consistent with the requirements of the statute at issue.

2

application of the law." Boston Professional Hockey Ass'n, Inc. v. Commissioner of Revenue, 443 Mass. 276, 285 (2005). In doing so, "we recognize the [tax] board's expertise in the administration of tax statutes and give weight to the [tax] board's interpretations" (citation omitted). Adams v. Assessors of Westport, 76 Mass. App. Ct. 180, 183 (2010). "We review conclusions of law, including questions of statutory construction, de novo" (citation omitted). Shrine of Our Lady of La Salette Inc. v. Assessors of Attleboro, 476 Mass. 690, 696 (2017).

Desh contends that the commissioner failed to meet its burden to establish the delivery and receipt of the suspension letters. We note that under § 68, timeliness of Desh's petition is calculated as ten days from either the date the suspension letters were mailed or when they were delivered (emphasis added). There is no contest about the date of mailing. The record evidence established that Vincent Piccolo, a tax examiner, responsible for, among other things, reviewing and mailing suspension letters to tobacco retail license holders, mailed the suspension letters to Desh on October 18, 2022. In accordance with the commission's procedures, Piccolo sent the letters certified mail with tracking that included a twenty-two digit bar code identifier and delivery confirmation, but without return receipts. After receiving the bar code identifiers,

Piccolo uploaded and entered this information into the Department of Revenue computer system. The bar code identifiers state that the three letters were "delivered, left with individual" on October 20, 2022, at 12:05 P.M. (USPS tracking information).[5]  There was no evidence of a signed receipt for the delivery of the suspension letters.

Desh argues that the board erred in finding that the suspension letters were delivered on October 20, 2022, because the USPS tracking information was hearsay and not properly authenticated.  Additionally, Desh contends that (1) the suspension letters were "not given to an officer or agent or person in charge of the corporation," (2) both owners and managers were away from the store when the suspension letters were delivered, and (3) once found, its president immediately called the board, attempted to hand deliver the petition, and mailed the petition within "2-3 days after [receiving] the [commissioner's] suspension notices, but well within the ten day limit."

While we are sympathetic to Desh's argument and note the amount of taxpayer resources expended on this appeal (as compared to the resources needed to conduct a hearing on the

---

[5] Desh's president confirmed that the suspension letters were delivered to the correct address but contests the date that they were delivered.

petition), we are constrained to affirm. Using the date that the suspension letters were mailed, the petition was untimely. See G. L. c. 62C, § 68. On this basis alone, we could affirm the board's decision. Noting that the statute provides for either the date of mailing or the date of delivery as the operative date for determining the petition's timeliness, we turn to Desh's claim that the commissioner failed to prove when the suspension letters were delivered. Before doing so, we observe that if the commissioner had used certified mail, with a return receipt, there would likely be no argument about when the suspension letters were delivered.[6] However, the commissioner's procedures do not mandate such a practice. To determine the date of receipt, the board used the so-called postmark rule which provides that "[t]he date of the postmark on the sender's receipt is treated as the postmark date . . . ." 831 Code Mass. Regs. § 1.13(1)(b) (2007). It was therefore not error for the board to apply the postmark rule and find, using the USPS tracking information, that the suspension letters were delivered on October 20, 2022.[7]

---

[6] The commissioner should reconsider this practice, particularly where here the record suggests that the USPS "does not warrant or represent that the information [from its website] is accurate or reliable."

[7] Applying the postmark rule, the commissioner found that Desh delivered its petition to the board on November 3, 2022 (the date of the USPS postmark), and not the date the petition

5

To the extent that Desh argues that the board erred in considering the USPS tracking information because it is hearsay, we are not persuaded.  Passing on the question of whether USPS tracking information is admissible as a business record, see Beal Bank, SSB v. Eurich, 444 Mass. 813, 815 (2005), "in the context of administrative proceedings, hearsay evidence bearing indicia of reliability constitutes admissible and substantial evidence."  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 638 (2011).  See also Kyle K. v. Department of Children and Families, 103 Mass. App. Ct. 452, 460 (2023).

The board properly concluded that Desh's petition was untimely and therefore it did not have jurisdiction to consider

---

was received by the board (November 4, 2022).  Desh would have benefitted from this rule if the petition was otherwise timely.

it.  See Commissioner of Revenue v. A.W. Chesterton Co., 406
Mass. 466, 467 (1990).[8,9]

                                    Decision of Appellate Tax
                                       Board affirmed.

                                    Order denying motion for
                                       reconsideration affirmed.

                                    By the Court (Meade, Blake &
                                       Brennan, JJ.[10]),

                                    _Paul Little_

                                    Clerk


Entered:  June 25, 2024.

---

[8] Desh also argues that service was inadequate under Mass.
R. Civ. P. 4 (d) (2), as amended, 370 Mass. 918 (1976).  This
argument fails because the board is not subject to the Rules of
Civil Procedure.  See 831 Code Mass. Regs. § 1.37 (2007).  See
also WorldWide TechServs., LLC v. Commissioner of Revenue, 479
Mass. 20, 31-32 (2018) (board's practices and procedures to
conform to those applied in equity cases before adoption of
Rules of Civil Procedure).

[9] For the reasons herein, the order denying the motion for
reconsideration is affirmed.

[10] The panelists are listed in order of seniority.