NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1062

ALBERT E. GRADY

vs.

BOARD OF ASSESSORS OF BROCKTON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The taxpayer, Albert E. Grady, appeals from a decision of the Appellate Tax Board (board), which dismissed Grady's appeal from a refusal by the city of Brockton's board of assessors (city) to abate a 2021 real estate tax.  The board granted the motion to dismiss because Grady failed to make his tax payments, a jurisdictional requirement to appeal to the board.  G. L. c. 59, § 65.  Discerning no error, we affirm.

Background.  In February 2021, Grady applied for a tax abatement with the city, generally alleging that given the "blight" in the city, his property was overvalued by more than

$175,000.[1]  On receiving the city's denial of his application for abatement, Grady filed an appeal with the board under G. L. c. 59, § 64.  The board conducted a hearing, and on finding that Grady had not paid his taxes for the 2021 tax year, dismissed his appeal for lack of jurisdiction.  This appeal followed.

Discussion.  In reviewing a decision by the Appellate Tax Board, "[w]e uphold findings of fact of the board that are supported by substantial evidence.  We review conclusions of law, including questions of statutory construction, de novo" (citation omitted).  Citrix Sys., Inc. v. Commissioner of Revenue, 484 Mass. 87, 91 (2020).  A taxpayer can appeal an assessors' denial of a property tax abatement to either the county commissioners or the board by filing a petition within three months of the denial.  G. L. c. 59, §§ 64, 65.  While the taxpayer does not have pay the amount due to request an abatement with the local board of assessors, in order for the board to entertain a petition to abate the taxes, the taxpayer must pay the amount owed in full.  See Randolph Credit Union v. Board of Assessor of Randolph, 33 Mass. App. Ct. 268, 268-269 (1992) ("Among the conditions for filing an appeal with the Appellate Tax Board from the denial by local assessors of an application for abatement of real estate tax is that the tax, if

_____

[1] Grady's tax bill for 2021 was over $11,000.  It is undisputed that he did not pay these taxes.

2

more than $2,000 for the fiscal year, must have been paid in full without any interest having become due on it").[2]  See also Columbia Pontiac Co. v. Board of Assessors of Boston, 395 Mass. 1010, 1011 (1985) ("Payment of the full amount of the tax due without incurring interest charges 'is a condition precedent to the board's jurisdiction over an abatement appeal'" [citation omitted]).

Here, there is no dispute that Grady did not pay his 2021 real estate tax prior to filing with the board.  Therefore, the decision of the board to dismiss due to lack of jurisdiction must be affirmed.[3]

Decision of the Appellate Tax Board affirmed.

By the Court (Meade, Walsh & Smyth, JJ.[4]),

Paul Little

Clerk

Entered:  November 7, 2024.

---

[2] The statute has since been amended to raise the relevant dollar amount to $5,000 rather than $2,000.

[3] Grady's claim that there were ex parte communications between the city and the board do not rise to the level of appellate argument.  See Gaffney v. Contributory Retirement Appeal Bd., 423 Mass. 1, 6 n.4 (1996).

[4] The panelists are listed in order of seniority.