NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1184

BRIAN R. HOGAN

vs.

COMMISSIONER OF REVENUE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a decision of the Appellate Tax Board (board) dismissing his appeal.  We affirm.

The plaintiff owed a tax debt of over $30,000 as a "responsible person" for Resource Systems, Inc. (Resource Systems), a now-defunct corporate entity.  In January 2013 he entered into a payment plan with the Massachusetts Department of Revenue (MDOR) by which he agreed to gradually pay the arrears. After many payments (totaling less than a third of the amount owed), MDOR no longer sought payment of the balance.

The plaintiff then sought an abatement, maintaining that his tax liability had been overpaid by over $200,000 by virtue of a settlement agreement made in his bankruptcy proceedings.

He asserted that under that agreement the Federal Internal Revenue Service (IRS) had remitted over $270,000 to MDOR, resulting in an overpayment of his arrearage of approximately $247,000. After MDOR denied the abatement, the plaintiff appealed to the board, which found, after an evidentiary hearing, no evidence of overpayment and dismissed the case for want of jurisdiction. Although we could dismiss the plaintiff's appeal for failing to comply with the standards under Mass. R. A. P. 16, as appearing in 481 Mass. 1628 (2019), we exercise our discretion to consider it. See Mass. R. A. P. 3 (a) (1), as appearing in 481 Mass. 1603 (2019).

Under G. L. c. 58A, § 13, "'[t]he decision of the board shall be final as to findings of fact.' However, 'the court may consider whether the evidence in the case is sufficient to support the board's conclusion of law.'" Rosse v. Commissioner of Revenue, 430 Mass. 431, 433 (1999), quoting Kennametal, Inc. v. Commissioner of Revenue, 426 Mass. 39, 43 (1997), cert. denied, 523 U.S. 1059 (1998). The evidence is sufficient here. The record supports the board's conclusion that the IRS made no payment to MDOR for Resource Systems's tax liability.[1] The

---

[1] MDOR received $19,495 from the bankruptcy proceeding, which was allocated to liabilities of two other plaintiff-affiliated corporations, Resource Environmental Systems, Inc. and Resource Technology Corporation.

board's determination that there was no overpayment because the plaintiff's liabilities exceeded his payments was also well supported.

"[T]he board has only that jurisdiction conferred on it by statute." Commissioner of Revenue v. Pat's Super Mkt., Inc., 387 Mass. 309, 311 (1982).  Here, that jurisdiction is conferred by G. L. c. 62C, § 39 (c), which allows the board to hear appeals involving any "person aggrieved by the refusal of the commissioner to . . . refund any tax" that has been overpaid. See G. L. c. 62C, § 36.  Where the board found that there had been no overpayment, it lacked jurisdiction and properly dismissed the plaintiff's appeal.[2]

Decision of Appellate Tax Board affirmed.

By the Court (Sacks, Shin & Hershfang, JJ.[3]),

Clerk

Entered:  November 12, 2024.

---

[2] Other arguments, relied upon by the plaintiff but not mentioned in this decision, have been considered; we find nothing in them that merits discussion.  See Boston Hous. Auth. v. Y.A., 482 Mass. 240, 248 n.20 (2019); Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[3] The panelists are listed in order of seniority.

3