JOHN S. LANE & SON, INCORPORATED *vs.* COMMISSIONER of REVENUE.

Suffolk. September 13, 1985. — November 4, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Taxation,* Manufacturing corporation, Commissioner of Revenue, Corporate excise. *Constitutional Law,* Taxation.

Where the Commissioner of Revenue revoked a taxpayer's long-standing classification as a "foreign manufacturing corporation" eligible for an investment tax credit under G. L. c. 63, § 1A, and determined that the taxpayer had not been engaged in manufacturing during the three prior years, the Commissioner, acting pursuant to G. L. c. 62C, § 26 *(b),* could properly assess deficiencies in the corporate excise tax paid by the taxpayer for those years. [141]

The Commissioner of Revenue, acting under procedures in effect at all relevant times, transgressed no constitutional limitations by assessing a deficiency in a taxpayer's corporate excise tax for the three years prior to the Commissioner's revocation of the taxpayer's classification as a "foreign manufacturing corporation." [141-142]

APPEAL from a decision of the Appellate Tax Board.

*Stephen S. Ostrach,* Assistant Attorney General, for the Commissioner of Revenue.

*Richard F. Faille* for the taxpayer.

NOLAN, J. This is an appeal by the Commissioner of Revenue (Commissioner) from a decision of the Appellate Tax Board (board). We reverse the decision of the board. The relevant facts are not disputed.

John S. Lane & Son, Incorporated (Lane), is a corporation organized under the laws of the State of Connecticut with a principal place of business in Westfield, Massachusetts. Lane is in the business of converting volcanic rock deposits into finished crushed stone products that are used in the construction industry. From 1937 to 1981, Lane was classified as a foreign manufacturing corporation on the list sent to each board of

assessors by the Commissioner pursuant to G. L. c. 58, § 2 (1984 ed.).[1] Foreign manufacturing corporations are entitled to claim an investment tax credit under the provisions of G. L. c. 63, § 31A (1984 ed.).[2] Lane claimed this credit during 1978, 1979, and 1980.

In October, 1981, the Commissioner requested Lane to file a statement relating to its manufacturing activities.[3] Based on the information disclosed, the Commissioner determined that Lane was no longer engaged in manufacturing and informed Lane that its present classification was being revoked and that it would be classified as a business corporation for purposes of State and local taxation. On December 29, 1981, the Commissioner notified Lane pursuant to G. L. c. 62C, § 26 *(b)* (1984 ed.), that deficiencies in the corporate excise it paid for the years 1978, 1979, and 1980, were being assessed. The deficiency assessments were based on the Commissioner's determination that Lane was not involved in manufacturing during those years and therefore was not entitled to the investment tax credit available to foreign manufacturing corporations under G. L. c. 63, § 31A. A deficiency totalling $63,394.62 was assessed against Lane. After paying the amount assessed, Lane

---

[1] General Laws c. 58, § 2, provides in material part: "The commissioner shall annually, on or before April first of each year, forward to each board of assessors a list of all corporations known to him to be liable on January first of said year to taxation under chapters fifty-nine, sixty A and sixty-three. Such list shall indicate which of said corporations have been classified by the commissioner as manufacturing corporations and shall contain such other information as in his judgment will assist such boards of assessors in the assessment of taxes. . . .

"Any person aggrieved by any classification made by the commissioner under any provision of chapters fifty-nine and sixty-three or by any action taken by the commissioner under this section may, on or before April thirtieth of said year or the thirtieth day after such list is sent out by the commissioner, whichever is later, file an application with the appellate tax board on a form approved by it stating therein the classification claimed."

[2] The relevant portion of G. L. c. 63, § 31A *(a),* provides in part: "A manufacturing corporation . . . shall be allowed a credit as hereinafter provided against its excise due under this chapter."

[3] The Commissioner sent Lane a letter on October 29, 1981, enclosing a Form 355Q (Statement Relating to Manufacturing Activities) which Lane was requested to complete and submit to the Commissioner within thirty days.

filed applications for abatement. The Commissioner failed to act on Lane's applications within the time limit prescribed by G. L. c. 58A, § 6, and Lane appealed to the Appellate Tax Board.[4] The board determined that Lane was not entitled to classification as a manufacturing corporation. The board ruled, however, that the Commissioner could not change Lane's classification for the years 1978, 1979, and 1980, and determined that Lane was therefore entitled to abatements on the additional corporate excise assessed for each of those years.

The record on appeal includes the board's detailed findings of fact and its opinion prepared at the request of the Commissioner pursuant to G. L. c. 58A, § 13 (1984 ed.) and Rule 32 of the Rules of the Appellate Tax Board (1985). The decision of the board is final with respect to findings of fact if they are supported by substantial evidence. G. L. c. 58A, § 13. Our review is limited to questions of law. We now review the decision of the board.

In ruling that Lane was entitled to abatements of the additional corporate excise it paid for the years 1978, 1979, and 1980, the board concluded that "the procedure established by G. L. c. 58, § 2, for modifying [Lane's] classification is exclusive, and that the Commissioner has no statutory authority to change retroactively a classification . . . for any year for which the appeal period has expired." The board also ruled that if a mistake was made in classifying Lane as a foreign manufacturing corporation, the mistake was "the Commissioner's own," and the Commissioner was not empowered to correct that mistake under the provisions of either G. L. c. 62C, § 24 or § 26. We disagree with the legal conclusions reached by the board.

---

[4] The Commissioner disallowed the investment tax credits claimed by Lane and assessed additional excise taxes in the amounts of $16,387.51 for 1978, $17,924.45 for 1979, and $29,082.66 for 1980. As a result of these assessments, Lane filed three separate abatement applications. Lane also appealed from the Commissioner's determination that it was not a manufacturing corporation under the provisions of G. L. c. 58, § 2. The board held for the Commissioner on the classification status and no further appeal was taken by Lane.

1. *G. L. c. 58, § 2.* Whether a corporation is classified as "a foreign manufacturing corporation with reference to its Massachusetts operations has a significant bearing on its tax liability to the Commonwealth and the cities and towns thereof." *Franki Found. Co.* v. *State Tax Comm'n,* 361 Mass. 614, 615 (1972). It is the function of "the commissioner in the first instance to determine the classification of each corporation." *Commissioner of Corps. & Taxation* v. *Assessors of Boston,* 321 Mass. 90, 96 (1947). We have previously recognized the difficulty in determining whether the activities of a corporation fit within the definition of "manufacturing." See, e.g., *Southeastern Sand & Gravel, Inc.* v. *Commissioner of Revenue,* 384 Mass. 794, 795 (1981). If the Commissioner has made a mistake in determining the classification of a corporation, unless specifically prohibited by statute or constitutional principles, he should not be estopped from correcting that mistake and from assessing a tax that is otherwise lawfully due. See generally *Automobile Club* v. *Commissioner,* 353 U.S. 180, 183-184 & n.7 (1957), (doctrine of equitable estoppel is not a bar to correction by Commissioner of mistake of law); Annot., 21 A.L.R.4th 573, 620 (1983).

In this appeal, Lane does not argue that it was entitled to claim the investment tax credit under G. L. c. 63, § 31A, because it was, in fact, engaged in "manufacturing" during the years 1978, 1979, and 1980. Rather, in arguing for the credit, Lane relies on the board's ruling that the Commissioner is precluded from revoking the classification assigned to Lane on the list distributed to each board of assessors pursuant to G. L. c. 58, § 2. To allow the board's ruling to stand would, in our opinion, conflict with the legislative purpose behind G. L. c. 58, § 2. See *Joseph T. Rossi Corp.* v. *State Tax Comm'n,* 369 Mass. 178, 181 (1975). If, as determined by the Commissioner, Lane was not engaged in manufacturing during 1978, 1979, and 1980, it is not entitled to the favorable tax treatment afforded to foreign manufacturing corporations. We must determine, then, whether the Commissioner may revoke Lane's manufacturing classification retroactively for the years 1978, 1979, and 1980.

2. *G. L. c. 62C, § 26.* General Laws c. 62C, § 26 *(b),* provides that "[i]f the commissioner determines, from the verification of a return or otherwise, that the full amount of any tax has not been assessed or is not deemed to be assessed, he may, at any time within three years after the date the return was filed . . . assess the same with interest . . . [after] first giving notice of his intention to the person to be assessed." Acting in accordance with the provisions of this statute, the Commissioner on December 29, 1981, notified Lane of the intention to assess deficiencies in the corporate excise paid by Lane for 1978, 1979, and 1980.[5] Contrary to the conclusion reached by the board, we hold that the Commissioner, under the provisions of G. L. c. 62C, § 26 *(b),* was entitled, after determining that Lane was not a manufacturing corporation, to revoke that classification and assess any corporate excise then legally due to the Commonwealth. Lane argues, however, that even if the Commissioner could reclassify its operations, such a reclassification would, under the facts of this case, "be inequitable and thus unconstitutional." We now briefly address this argument.

3. *Lane's constitutional claim.* Lane argues that "[b]ecause a reclassification of the nature here at issue would directly influence the consequences of past conduct, it is indistinguishable from the retroactive application of a taxing statute." The United States Supreme Court has recognized that a tax is not necessarily invalid simply because it is retroactive. See *Milliken* v. *United States,* 283 U.S. 15, 21 (1931), and cases cited. In the past, this court has looked to the "reasonableness"

---

[5] Lane has not argued that the Commissioner acted outside the three-year limit of G. L. c. 62, § 26 *(b).* In its brief, Lane does not address the authority of the Commissioner to assess a deficiency under G. L. c. 62C, § 26. Rather, Lane argues that the Commissioner's power to "verify" a tax return under G. L. c. 62C, § 26, is limited to those instances where "the Commissioner has reason to believe that the return in question is either fraudulent or incorrect." We do not agree that the Commissioner's scope of review in verifying a tax return is as limited as suggested by Lane. However, we need not address this issue since G. L. c. 62C, § 26 *(b),* permits the Commissioner to assess a deficiency if he determines "from the verification of a return *or otherwise,* that the full amount of any tax has not been assessed" (emphasis supplied).

of a statute in determining whether its retroactive application would be unconstitutional. See, e.g., *American Mfrs. Mut. Ins. Co.* v. *Commissioner of Ins.*, 374 Mass. 181, 189-190 (1978). Focusing on the facts of this case, we cannot agree with Lane's contention that the deficiencies assessed by the Commissioner are "so harsh and oppressive as to transgress the constitutional limitation." *Welch* v. *Henry,* 305 U.S. 134, 147 (1938).

Moreover, we do find that there is a distinction between the retroactive application of a statute and the procedures followed by the Commissioner in this case. General Laws c. 62C, § 26 *(b),* inserted by St. 1976, c. 415, § 22, was enacted five years prior to the time the Commissioner notified Lane that deficiencies were being assessed. The statute allowed the Commissioner three years from the date a return is filed to determine whether the full amount of any tax has been assessed. We cannot agree that Lane's constitutional rights are violated by allowing the Commissioner to collect a tax that is lawfully due under procedures that were firmly established at the time the deficiencies were assessed. This result is not changed by the fact that Lane failed to pay the full amount of its taxes because of an error made by the Commissioner. See generally *Memphis Shoppers News, Inc.* v. *Woods,* 584 S.W.2d 196, 199-200 (Tenn. 1979).

> *Decision of the Appellate*
> *Tax Board reversed.*