THE HARTFORD ACCIDENT AND INDEMNITY COMPANY &
others[1] vs. COMMISSIONER OF INSURANCE & another.[2]

Suffolk. November 8, 1989. - March 15, 1990.

Present: LIACOS, C.J., ABRAMS, O'CONNOR, & GREANEY, JJ.

*Administrative Law*, Exhaustion of remedies, Primary jurisdiction, Regu-
lations. *Commissioner of Insurance. Insurance*, Motor vehicle insur-
ance. *Regulation. Statute*, Construction. *Res Judicata.*

In an action by motor vehicle insurers required to participate in the Com-
monwealth's residual insurance plan challenging the constitutionality of
G. L. c. 175, § 113H, as applied to them through a certain rule,
promulgated by the governing committee administering the plan and
approved by the Commissioner of Insurance, the judge erred in dis-
missing the plaintiffs' complaint for failure to exhaust their administra-
tive remedies where, since c. 175, § 113H, neither expressly authorized
an appeal to the commissioner from the governing committee's promul-
gation of the rule, nor expressly or impliedly granted to the commis-
sioner the power to review the constitutionality of the plan after its pro-
mulgation, there was no administrative remedy available to the
plaintiffs [26-29]; furthermore, the doctrine of res judicata had no ap-
plication to the constitutional claims of one of the plaintiffs, where the
commissioner would have been without jurisdiction to hear these claims
even if that plaintiff had chosen to raise them at the time it filed a
petition with the commissioner under c. 175, § 113H, challenging the
governing committee's rule [29-30].

---

[1]Continental Casualty Company; American Casualty Company of
Reading, Pennsylvania; Lumbermens Mutual Casualty Company;
American Manufacturers Mutual Insurance Company; American Pro-
tection Insurance Company; United States Fire Insurance Company; West-
chester Fire Insurance Company; The North River Insurance Company;
Utica Mutual Insurance Company; The Home Insurance Company; The
Home Indemnity Company; and Allstate Insurance Company.

[2]Commonwealth Automobile Reinsurers.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on July 9, 1987.

Motions for partial summary judgment were heard by *Lynch, J.*

Upon transfer to the Superior Court Department the case was heard by *John L. Murphy, Jr.*, J., on a motion to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

*Acheson H. Callaghan, Jr.*, for the plaintiffs.

*Robert W. Mahoney* (*Mark G. Matuschak & Joseph Maher* with him) for Commonwealth Automobile Reinsurers.

*Thomas A. Barnico*, Assistant Attorney General, for the Commissioner of Insurance.

O'CONNOR, J. The plaintiffs appeal from an order of a judge of the Superior Court dismissing their complaint for failure to exhaust their administrative remedies. Because we conclude that (1) there was no administrative remedy available to the plaintiffs, and (2) the plaintiff Hartford Accident and Indemnity Company (Hartford) is not barred on res judicata grounds from raising the issues presented by this case, we reverse, and we remand this case to the Superior Court.

The dispute concerns the regulatory scheme for providing motor vehicle liability insurance to applicants who are otherwise unable to obtain insurance (the involuntary or residual market) and for apportioning among insurance companies the resulting expenses and losses. The enabling statute, G. L. c. 175 § 113H (1988 ed.), provides for a governing committee to prepare and administer a plan designed to accomplish the statute's objectives. The statute further provides that the plan may not go into effect until, after a public hearing, the defendant Commissioner of Insurance (commissioner) has approved it. All motor vehicle insurers in Massachusetts are required to participate in the plan as members of the defendant Commonwealth Automobile Reinsurers (CAR).

Pursuant to its statutory authority, the governing committee promulgated a plan and rules of operation for CAR, which were approved by the commissioner. Rule 11 contains the formulae for determining each insurance company's share of expenses and losses incurred on the residual market policies passed on to CAR by the member companies. Under rule 11, an insurance company's assessment of these costs for the years 1984 to 1988 is tied to its 1982 share of the voluntary automobile insurance market.[3] The plaintiffs, a group of thirteen motor vehicle insurers, object to rule 11 and to its method of allocation based on past, not current, market share.

The case before us began with a complaint filed in the Supreme Judicial Court for Suffolk County by the plaintiffs who were seeking a declaratory judgment under G. L. c. 231A (1988 ed.). Jurisdiction was grounded on G. L. c. 214, § 1 (1988 ed.), which grants original general equity jurisdiction to this court. The plaintiffs' complaint contained various constitutional challenges to G. L. c. 175, § 113H, as amended through St. 1985, c. 286, which provision, the plaintiffs alleged, requires the rule 11 allocation system.[4] After the parties filed cross motions for partial summary judgment, a single justice denied the motions but upheld the facial constitutionality of § 113H on the basis that the statute did not compel the particular rule 11 allocation to which the plaintiffs objected. The single justice interpreted the language of the statute as permitting many approaches to allocating CAR costs. However, he refused to rule on the plaintiffs' "as applied" constitutional challenges because a resolution of those issues would require extensive fact finding. The single justice denied a request that he report certain questions to the full court, and he transferred

---

[3]An amendment to rule 11 that governs the years 1989 and beyond has been approved by the commissioner. This amendment is not at issue in this case.

[4]Section 113H was again amended in 1988 but none of the changes is relevant to the issue in this case. St. 1988, c. 273, §§ 39-44.

the case to the Superior Court for further proceedings. The plaintiffs have not appealed the single justice's order.

Subsequently, the plaintiffs filed an amended complaint in the Superior Court. The amended complaint did not challenge the facial validity of the statute as the original complaint had done, but instead challenged the constitutionality of the statute as applied to the plaintiffs through rule 11. The amended complaint alleged that the assessment mechanism detailed in rule 11 was an invalid extraterritorial tax, an unreasonable excise tax, a confiscation of the plaintiffs' property, and otherwise in violation of the due process and equal protection guarantees of both the Massachusetts and United States Constitutions. The plaintiffs requested a declaration that rule 11 or § 113H as implemented by rule 11 was unconstitutional, an injunction against the enforcement of § 113H and rule 11, and an order for the recalculation and redistribution of CAR assessments.

A judge in the Superior Court granted the defendant CAR's motion to dismiss the action for failure of the plaintiffs to exhaust their administrative remedies, stating that, "the Commissioner has primary jurisdiction over challenges or claims regarding the application of rules promulgated by the Commissioner." We granted the plaintiffs' application for direct appellate review and now reverse the order granting dismissal.

Although nothing turns on the distinction, we note that, because there had been no administrative proceedings before the filing of the complaint, technically this case does not raise the question whether administrative remedies have been properly exhausted, but rather whether the commissioner, instead of the court, has primary jurisdiction. *Murphy* v. *Administrator of the Div. of Personnel Admin.*, 377 Mass. 217, 220-221 (1979).

"The doctrine of primary jurisdiction, like exhaustion, 'is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties.' . . . The primary jurisdiction doctrine does not apply, however, when the issue in controversy turns on

questions of law which have not been committed to agency discretion." *Id.* at 221, quoting *Nader* v. *Allegheny Airlines, Inc.*, 426 U.S. 290, 303 (1976). Because the doctrine of primary jurisdiction only applies to questions "committed to agency discretion," we must turn to the question whether the constitutional issues presented by this case have been so committed. Whether the commissioner could hear and decide the plaintiffs' claims depends on whether authority to resolve such claims has been conferred on the commissioner, either expressly or impliedly, by statute. As we said in a case involving the State Ethics Commission, "[b]ecause the commission was created by the Legislature, it has 'only the powers, duties and obligations expressly conferred upon it by . . . statute . . . or such as are reasonably necessary . . . [to carry out] the purpose for which it was established.' " *Saccone* v. *State Ethics Comm'n*, 395 Mass. 326, 335 (1985), quoting *Hathaway Bakeries, Inc.* v. *Labor Relations Comm'n*, 316 Mass. 136, 141 (1944). *Bureau of Old Age Assistance of Natick* v. *Commissioner of Pub. Welfare*, 326 Mass. 121, 124 (1950).

General Laws c. 175, § 113H, sets out the powers and duties of the officials who are charged with implementing and administering the residual market insurance system. The statutory language on which the defendants rely as conferring jurisdiction on the commissioner to resolve the constitutional issues raised by the plaintiffs appears in § 113H (E), as follows: "Any insurer and any other party affected [by a CAR plan] may appeal to the commissioner from any ruling or decision with reference to the operation of such plan. . . . Any ruling, order or decision of the commissioner under authority of this section shall be subject to review by appeal to the superior court department of the trial court of Suffolk county at the instance of any party in interest, which appeal shall be on the basis of the record of the proceeding before the commissioner." We do not detect in that language a manifestation of legislative intent to provide the plaintiffs with an administrative forum for presenting their "as applied" constitutional challenge to rule 11. The quoted lan-

guage expressly authorizes appeals to the commissioner only from "any ruling or decision." The plan and rules of operation for CAR, promulgated by the governing committee, are not "ruling[s] or decision[s]." Thus, c. 175, § 113H (E), does not expressly authorize an appeal to the commissioner from the governing committee's promulgation of rule 11.

In *Cambridge Elec. Light Co. v. Department of Pub. Utils.*, 363 Mass. 474 (1973), a case involving a challenge pursuant to G. L. c. 25, § 5, to a regulation, we concluded: "The words 'any final decision, order or ruling of the commission,' . . . may possibly be thought broad enough to cover 'regulations,' but the sense of the section . . . is that it does not extend to the review of regulations, but rather of litigious determinations." *Id.* at 502. We hold that likewise the term, "ruling or decision," in c. 175, § 113H (E), refers to advisory rulings and decisions with respect to the operation of rule 11, but not to determinations concerning its constitutionality.

We are unaware of any express statutory grant of authority to the commissioner to hear and decide facial or "as applied" challenges to the constitutionality of G. L. c. 175, § 113H, as implemented by rule 11. Of course, an agency or official may have authority not expressly granted but reasonably to be implied from a statutory scheme as a whole. *Grocery Mfrs. of Am., Inc. v. Department of Pub. Health*, 379 Mass. 70, 75 (1979), and cases cited. However, there is no such implication of authority either in § 113H or elsewhere in c. 175. Chapter 175, § 3A (1988 ed.), gives the commissioner broad authority to "administer and enforce" c. 175, but this does not imply a grant to the commissioner of power to review the constitutionality of a challenged plan after its promulgation (and thus after it has been initially approved by the commissioner).

The defendants argue that the plan and rules of operation of CAR provide the plaintiffs with a mechanism for obtaining administrative review of the "as applied" constitutionality of rule 11. However, we need not consider whether the plan and rules of operation contain such language because in any event they can only grant such authority as

CAR or the commissioner has the statutory authority to grant. See *Commissioner of Revenue* v. *Exxon Corp.*, *ante* 17, 20 (1990); *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 775 (1980); *Commonwealth* v. *Diaz*, 326 Mass. 525, 527 (1950). Neither the commissioner nor CAR has such statutory authority.

In its motion to dismiss, CAR advanced an additional reason why Hartford's (one of thirteen plaintiffs) complaint should have been dismissed. CAR contended that Hartford was precluded by the doctrine of res judicata from pursuing its constitutional claims in this case. Several months before instituting the present case, Hartford had filed a petition with the commissioner under c. 175, § 113H, raising the same issue being litigated in this case, that is, the validity of rule 11's apportionment scheme. The complaint focused on the alleged unfairness, unreasonableness, and arbitrariness of rule 11, and on its inconsistency with the statute. The complaint did not assert that rule 11 was unconstitutional but did assert that there was a "question of constitutional infirmity" which the commissioner should recognize and avoid when construing the rule. The commissioner held a public hearing and issued a decision and order upholding rule 11. In his decision, the commissioner did not discuss the constitutionality of rule 11. The commissioner's order was appealed to the Superior Court, and was affirmed. Hartford appealed, but has since withdrawn its appeal.

"[T]he principle of res judicata requires that a valid and final personal judgment rendered by a court of competent jurisdiction over the parties and the subject matter serve as a bar to any further proceedings between the same parties on the same claim." *Wright Mach. Corp.* v. *Seaman-Andwall Corp.*, 364 Mass. 683, 688 (1974). The doctrine precludes the "relitigation of issues that were or could have been raised in the original action." *Anderson* v. *Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. 444, 449 (1982). The defendants' argument fails for the reason, if none other, that, in accordance with today's holding, the commissioner would have been

without jurisdiction to hear Hartford's constitutional claims even if Hartford had chosen to raise them.

The decision below dismissing the action is reversed. The case is remanded to the Superior Court.

*So ordered.*