COMMISSIONER OF REVENUE vs. MARR SCAFFOLDING CO.,
INC., & another.[1]

Suffolk. January 6, 1993. - March 5, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Taxation*, Sales and use tax; Abatement; Appellate Tax Board: jurisdic-
tion. *Jurisdiction*, Appellate Tax Board. *Estoppel.*

A letter to a corporate taxpayer from the chief of the sales excises bureau
of the Department of Revenue stating that "it does not appear that you
are liable for reimbursement of a sales tax" did not qualify as a letter
ruling issued by the Commissioner of Revenue on a specific set of facts.
[492-493]

The Appellate Tax Board erred in allowing, solely on principles of equita-
ble estoppel, an abatement of otherwise unquestionably payable sales
taxes assessed by the Commissioner of Revenue against a corporate
taxpayer, where the taxpayer was entitled to an abatement only if the
taxes were "excessive in amount or illegal" within the meaning of G. L.
c. 62C, § 37. [493-495]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Thomas A. Barnico*, Assistant Attorney General, for the
Commissioner of Revenue.

*William D. Gardner* for the taxpayers.

WILKINS, J. The Appellate Tax Board (board) granted an
abatement of sales taxes assessed against Marr Scaffolding
Co., Inc. (Marr), solely on the ground that the Commissioner
of Revenue (Commissioner) was estopped from denying
Marr an abatement of those taxes. The board agreed with

---

[1] Daniel Marr and Son Company, Inc. With the agreement of the
parties, the board treated the two corporations and other affiliates as if
they were one company. We do so as well.

the Commissioner that taxable sales had occurred within the meaning of G. L. c. 64H, § 1 (12) (*a*) (1990 ed.), but concluded that the assessment should be abated because of Marr's reasonable reliance on what the board saw as a contrary representation on taxability made in a January, 1980, letter of the chief of the revenue department's sales excises bureau. The Commissioner appealed from the board's abatement decision, and we transferred that appeal to this court. The Commissioner argues that the board lacks authority to grant an abatement of sales taxes on principles of equitable estoppel. We agree and reverse the board's decision.[2]

Marr sells and leases scaffolding equipment. Marr's rental agreement requires a lessee to purchase any equipment that is lost, stolen, destroyed, or, for any reason, not returned at the end of a rental period. Marr collected sales taxes on such items until it received a copy of a letter, dated January 22, 1980, sent to a customer of Marr by the chief of the revenue department's sales excises bureau. Marr had billed that customer a sales tax on rented equipment that the customer had been unable to return because the equipment had been destroyed by fire. The 1980 letter stated that "it does not appear that you are liable for reimbursement of a sales tax." The letter does not set forth the factual circumstances, such as the terms of the lease agreement or the cause of the fire, as to which the bureau chief's tentative opinion is expressed.

The board found that "under Marr's rental-contract provisions charging its lessees for the replacement cost of missing items a transfer of title or possession, or both, of tangible personal property for a consideration took place, which qualified as a sale within the meaning of G.L. c. 64H, s. 1(12)(*a*)." The board further found that in reliance on the 1980 letter "stating that charges for missing items are not sales, Marr was induced to change its practice of collecting sales taxes on such charges during the period of the [Commissioner's 1984] audit [of Marr]. By doing so, Marr has

---

[2]The board decided certain other issues against Marr on Marr's application for abatement of sales taxes, and Marr has not appealed.

sustained a detriment because it is extremely doubtful whether Marr could now collect the sales taxes from its customers. Under the circumstances the board cannot condone the retroactive assessment of sales taxes on charges on missing items."

The board's decision concluded that its findings "fulfill all the conditions stated above as necessary to an estoppel against a private person." The board stated that it would be "grossly inequitable" to allow the Commissioner "to contradict the position taken by an official appointed by him and having the apparent and actual authority to decide the question presented." The board then discussed at length the question whether estoppel should be a recognized concept in the circumstances, noting the hesitation this court has expressed as to the invocation of estoppel against the government in the exercise of its public duties. See *Corea* v. *Assessors of Bedford*, 384 Mass. 809 (1981). After an analysis of Massachusetts and out-of-State opinions concerning equitable estoppel in tax and nontax situations, and after a discussion analogizing the 1980 letter in its effect to a letter ruling of the Commissioner (see G. L. c. 30A, § 8 [1990 ed.]; 830 Code Mass. Regs. § 62C.3.2 [1988]), the board concluded that retroactive revocation of the ruling made in the 1980 letter would be "highly unjust," thus in effect applying principles of equitable estoppel to justify the granting of the abatement.

In this appeal, the Commissioner expressly disavows any claim that equitable estoppel is conceptually inapplicable on the facts found by the board. His position is that, even if equitable estoppel would justify the granting of the abatement, the board lacks statutory authority to grant an abatement on that ground.[3]

---

[3] In not arguing that the facts do not justify a ruling that he is equitably estopped, the Commissioner passes up an argument that equitable estoppel should not apply to him either in general or on the particular facts of this case. The Commissioner thus makes no argument that Marr's reliance on the 1980 letter was not reasonable as a matter of law. These points remain undecided, even implicitly, by our decision in this case. Presumably, as a matter of tactics, the Commissioner wants a decision that the board never has the right to decide that he is equitably estopped from assessing a tax.

In its opinion, the board did not discuss whether it had statutory authority to grant an abatement if, in its view, the Commissioner should be equitably estopped to deny an abatement. Although the Commissioner's brief argues solely the board's lack of statutory authority, Marr's brief argues this issue without reference to any allegedly authorizing statute and contends alternatively that the board's decision can be sustained because the 1980 letter was a binding letter ruling under 830 Code Mass. Regs. § 62C.3.2. We turn to the latter point first.

The board did not rule that the 1980 letter qualified as a letter ruling, but stated rather that it was "not apparent that the . . . letter would qualify as a letter ruling." If it had, its discussion of equitable estoppel would have been unnecessary. The board did, however, rule that, if the 1980 letter had been a letter ruling, Marr would be able to rely on it and the Commissioner could not properly revoke the letter ruling retroactively. The board seems to have referred to the regulations concerning letter rulings to support its view that Marr's reliance on the 1980 letter was reasonable and that the Commissioner should be estopped in the circumstances.

Marr did not rely on the 1980 letter as a letter ruling in its application for abatement. Nor does it appear that Marr raised the letter ruling issue with the board. The board may properly consider an issue only if it is "specifically set out in the petition upon appeal" (or raised in the answer) "unless equity and good conscience so require." G. L. c. 58A, § 7 (1990 ed.). Where the board had clear statutory authority on equitable principles to consider an issue and did not do so, we need not consider the issue and perhaps should not do so. In any event, the 1980 letter was not a letter ruling issued by the Commissioner on a specific set of facts. See 830 Code Mass. Regs. § 62C.3.2 (2) (a). The letter did not make a ruling but stated only that "it does not appear" that a sales tax is payable.[4]

---

[4]No basis appears for concluding that a letter ruling was requested in conformity with the requirements of 830 Code Mass. Regs. § 62C.3.2

An administrative agency has no inherent or common law authority to do anything. An administrative board may act only to the extent that it has express or implied statutory authority to do so. *Hartford Accident & Indem. Co.* v. *Commissioner of Ins.*, 407 Mass. 23, 27-28 (1990). Thus the board may grant abatements only if it is authorized to do so by statute. See *Commissioner of Revenue* v. *A.W. Chesterton Co.*, 406 Mass. 466, 467-468 (1990).

Marr's sole argument in support of the board's authority to use equitable estoppel principles to grant an otherwise undeserved abatement is based, not on any specific statute, but on the theory that the Legislature could not have intended to foreclose Marr from ever raising an equitable estoppel claim. We have no basis for assuming that the Legislature intended that a vendor could rely on a less than certain statement in a letter, not within the scope of an advisory ruling under G. L. c. 30A, § 8, or a letter ruling under the Commissioner's regulations, to avoid liability for a sales tax otherwise unquestionably payable. We need not now decide the correctness of Marr's assumption that it cannot raise its equitable estoppel argument in any other forum. We grant, however, that, if the board has no right to consider an equitable estoppel argument (and hence should make no findings on the issue), the issue could not be considered in the Appeals Court for the first time.

---

(1988). There is no indication that Marr's customer submitted a "complete statement of all relevant facts," including a "true cop[y]" of its contract with Marr (see 830 Code Mass. Regs. § 62C.3.2 [4] [a]); that the customer submitted its views, with supporting authority, on whether the tax was valid (see 830 Code Mass. Regs. § 62C.3.2 [4] [c]); or that any request was addressed to the rulings and regulations bureau (see 830 Code Mass. Regs. § 62C.3.2 [4] [e]). If a person who has requested a ruling does not comply with these requirements, any letter issued is an "information letter," not a "letter ruling." 803 Code Mass. Regs. § 62C.3.2 (2). An information letter is "advisory only" and subsection (8) dealing with the effect of a letter ruling is not applicable. See 830 Code Mass. Regs. § 62C.3.2 (2). Moreover, there is no indication that Marr attached a copy of the letter to its tax returns for the years in question as required by the regulation. See 830 Code Mass. Regs. § 62C.3.2 (4) (i).

The question must be decided on the basis of the statutes defining the board's authority to grant abatements. We are not favorably impressed by the Commissioner's argument that in using equitable estoppel the board was exercising equitable powers without statutory authority. The board's invocation of a rule of law having equitable justifications does not involve it in the exercise of equitable powers. On the other hand, the Commissioner's related argument that no statute authorizes the board to grant an abatement on equitable estoppel grounds warrants our close analysis.

On appeal from the Commissioner's refusal to abate a' sales tax, the board may "make such abatement as it sees fit," but only if "the person making the appeal was entitled to an abatement." G. L. c. 62C, § 39 (*c*) (1990 ed.). The word "entitled" arguably suggests a right to something as a matter of law and not as a result of misleading, erroneous conduct of another. But the word may embrace an entitlement as a matter of fairness. Any ambiguity in the word, as used in § 39 (*c*), is resolved, however, by considering the conditions under which the Commissioner could grant an abatement. We would not construe the board's abatement granting authority, on review of the Commissioner in this case, to be broader than the Commissioner's abatement granting authority itself.

A taxpayer is entitled to an abatement from the Commissioner only if "the tax is excessive in amount or illegal." G. L. c. 62C, § 37 (1990 ed.). The sales taxes that the Commissioner assessed against Marr were not illegal (or excessive). Marr and the board agree that the sales taxes at issue were lawful in the sense that the circumstances of the sales transactions required the payment of sales taxes. Marr's reliance on the 1980 letter does not make the tax illegal. Although the assessment of a tax in the circumstances may be inequitable, the statute does not authorize an abatement of an inequitable tax assessment, but only an illegal (or excessive) one. In *John S. Lane & Son* v. *Commissioner of Revenue*, 396 Mass. 137, 140 (1985) (a case perhaps factually different because no reasonable, detrimental reliance on

the Commissioner's action was shown), we said that "[i]f the Commissioner has made a mistake in determining the classification of a corporation, unless specifically prohibited by statute or constitutional principles, he should not be estopped from correcting that mistake and from assessing a tax that is otherwise lawfully due. See generally *Automobile Club* v. *Commissioner*, 353 U.S. 180, 183-184 & n.7 (1957), (doctrine of equitable estoppel is not a bar to correction by Commissioner of mistake of law); Annot., 21 A.L.R.4th 573, 620 (1983)." Equitable considerations, not prescribed by statute, are not major players in tax matters (and, indeed, often do not even enter the game). See *Commissioner of Revenue* v. *Wells Yachts South, Inc.*, 406 Mass. 661, 664-665 (1990).

The decision of the board is reversed.

*So ordered.*