King, J.
INTRODUCTION
Virginia Fitzgerald (Fitzgerald), a Paraprofessional Field Representative for the Boston Teachers Union, seeks judicial review of a Contributory Retirement Appeal Board (CRAB) decision dated January 17,1994. The Boston Retirement Board denied Fitzgerald’s request to “buy back” creditable retirement service for the period December 7, 1979 through December 31, 1991. On appeal, the Division of Administrative Law Appeals (the DALA) upheld the Retirement Board decision and CRAB affirmed. Fitzgerald now seeks judicial review pursuant to G.L.c. 30A, §14, claiming that the CRAB decision is erroneous as a matter of law. For the following reasons, CRAB’s decision is affirmed.
BACKGROUND
The undisputed facts found by the DALA magistrate and adopted by CRAB are as follows:
Fitzgerald was employed with the School Department for the City of Boston as a Paraprofessional between June 1970 and December 7, 1979. While so employed she contributed to the Boston retirement system.
On December 7, 1979, Fitzgerald was elected to serve as a Paraprofessional Field Representative of the Boston Teachers Union. She continues to serve in that position. From December 7, 1979 to December 31, 1991, Fitzgerald was not required to, and did not contribute to the Boston retirement system. She left the money previously contributed in the retirement system.
On April 9, 1992, Fitzgerald received a letter from the Boston Retirement Board advising her that, pursuant to the recently amended provisions of G.L.c. 32, §28K, she would be granted creditable service for retirement purposes for the period on and after December 31, 1991. The statute reads:
Any employee of the commonwealth or its political subdivisions who is a full-time representative of an employee organization, which has included in its membership employees of the commonwealth, or its political subdivision shall, while on leave of absence for the purpose of acting as a full-time representative of said employee organization, be considered on leave of absence, without pay, for the period of his assignment as a full-time representative of such employee organization. Such employee shall, however, be credited with creditable service, and shall contribute each month to the retirement fund in an amount which he would have contributed had he remained in the service of the commonwealth or its political subdivision. Such employee of the commonwealth or its political subdivisions shall be entitled to all benefits and privileges, except the payment of salary as provided under this chapter and chapters thirty, thirty-one, and thirty-two during the leave of absence.
G.L.c. 32, §28K, amended by St. 1991, c. 499, §16.
OnApril29,1992, Fitzgerald wrote back to the Boston Retirement Board and requested that she be allowed to buy back, as creditable service, the time period from December 7, 1979 through December 31, 1991. The Boston Retirement Board denied her request. Fitzgerald then filed a timely appeal from the Retirement Board’s decision. The Administrative Magistrate for the DALA heard the appeal on September 9,1993 and affirmed the Board’s decision. CRAB reviewed the decision and on July 26, 1994 issued its final decision affirming the Retirement Board’s denial of Fitzgerald’s request.
On August 25, 1994, Fitzgerald filed this complaint for judicial review of CRAB’s decision under G.L.c. 30A, §14.
It is undisputed that, as amended, G.L.c. 32, §28K gives Fitzgerald the right to creditable service as a Boston Teachers’ Union Field Representative. The 1991 amendment to G.L.c. 32, §28K contains no express language giving it retroactive effect.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 11 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965). The court is not bound by an administrative decision that was based on an error of law. Bagley v. Contributory Retirement Appeal Board, 397 Mass. 255, 259 and n.5 (1986). See Retirement Board of Brookline v. Contributory Retirement Appeal Board, 20 Mass.App.Ct. 634, 636 (1985).
In this case, Fitzgerald argues that CRAB’s denial of her request to buy back creditable retirement service was based upon an error of law. She contends that G.L.c. 32, §3(6) entitles her to buy back creditable service and that G.L.c. 32, §28K as amended by statute 1991, c. 499, §16, should apply retroactively.[2] Fitzgerald argues that she is entitled to purchase *505 creditable service for the period beginning December 7, 1979 — when she was first elected to serve as a union representative — through December 31, 1991, which is the effective date of the amendment to §28K. In the court’s view, however, Fitzgerald has misconstrued the plain language of the applicable statutes.
Section 28K covers leaves of absence taken by employees of the Commonwealth or its political subdivisions to serve in a representative capacity for an employee organization. That section provides that such employees on leave of absence “shall... be credited with creditable service, and shall contribute each month to the retirement fund in an amount which [s]he would have contributed had [s]he remained in the service of the commonwealth or its political subdivision...” G.L.c. 32, §28K. Nowhere, however, does the statute imply that employees on extended leave may purchase creditable service for time spent on leave prior to the effective date of the statutory amendment.
A statute dealing with substantive rights operates prospectively when there is no clear legislative intent that it be retroactive. Local 589, Amalgamated Transit v. MBTA, 414 Mass. 323, 328 (1993); Conservation Found., Inc. v. Russell Management, Inc., 380 Mass. 212, 214 (1980); Lawton v. Commonwealth Gas Co., 400 Mass. 209, 212 (1987).
The plain language of G.L.c. 32, §28K evidences no legislative intent to make its provisions retroactive. Because an administrative agency may only act to the extent that it has express statutory authority,[3] CRAB has not made an error of law in denying Fitzgerald’s request to buy back creditable service for the period December 7, 1979 through December 31, 1991.
Fitzgerald also argues that because the legislature allows certain governmental employees to purchase creditable service, that privilege should also be extended to her. See, G.L.c. 32, §§3(6)(a) and 4(1)(a). Here again, the plain language and meaning of the statutes in question, do not support Fitzgerald’s claim.
General Laws c. 32, §3(6)(a) states that ”[l]eaves and periods of absence of any member duly authorized without regular compensation . . . while not deemed a termination of membership or service, shall not be counted as creditable service except as specifically otherwise provided for in section four.” Section 4(l)(a) provides that “[a]ny member in service shall ... be credited with all service rendered by him as an employee in any governmental emit after becoming a member of the system pertaining thereto.”
While G.L.c. 32, §4 allows the purchase of creditable service for periods while a member was employed by a governmental unit, the Boston Teachers Union is not a governmental unit as that term is defined by G.L.c. 32, § 1.[4] Fitzgerald was an employee of the Boston Teachers’ Union during the time period in question. She was not rendering service as an employee in any governmental unit and should therefore be precluded from buying back creditable service for that time period.
ORDER
For the foregoing reasons, judgment shall enter affirming the decision of the Contributory Retirement Appeal Board.

In her brief, Fitzgerald denies that she is offering an argument for retroactive application of G.L.c. 32, §28K. Plaintiffs Memorandum of Law in Opposition to Defendant’s Motion for Summary Judgment, at 2-3. Instead, she maintains that “[t]his Court need only consider whether the state of the law on April 29, 1992 affords Fitzgerald the right to purchase creditable service for the time period December 7, 1979 to December 31,1991.” Id. This appears to be a distinction without a difference. Under the relevant statutory provisions, Fitzgerald can only purchase creditable service for the applicable period if the court determines that §28K applies retroactively.

See, e.g. Commissioner of Revenue v. Marr Scaffolding Co., 414 Mass. 489 (1993), quoting Hartford Accident & Indemnity Co. v. Commissioner of Insurance, 407 Mass. 23,27-28 (1990).

 G.L.c. 32, §1 defines “governmental unit” as:
[T]he commonwealth or any political subdivision thereof, except that a teacher who is a member of, or eligible for membership in, the teacher’s retirement system shall, for the purpose of membership and the requirements in connection therewith, be deemed to be employed by the same governmental unit.