JUDITH ANN LEGER, executrix,[1] *vs.* COMMISSIONER OF REVENUE. No. 97-P-716. November 19, 1997. *Taxation,* Sales and use tax, Abatement. *Estoppel.*

The plaintiff appeals from a decision of the Appellate Tax Board upholding the commissioner's denial of applications for abatement of sales taxes, totaling $97,565.38, assessed to the decedent taxpayer for the periods between January 1, 1985, and September 30, 1985, and between July 1, 1987, and March 31, 1990. We affirm.

During the relevant periods, the taxpayer was engaged in the business of reupholstering office chairs. In his reupholstering transactions, the taxpayer collected a sales tax from his customers for the cost of materials, but did *not* charge or collect sales tax on the cost of *labor.*

For both periods at issue, the taxpayer's failure to collect a sales tax for the cost of labor was contrary to a regulation of the commissioner requiring a reupholsterer to collect a sales tax that "applies to the total amount which the reupholsterer charges the customer, *whether or not the reupholsterer states the material charge and labor charge separately in the bill"* [2] (emphasis added).

The taxpayer responds only that the commissioner is estopped from enforcing the regulation regarding the sales tax. This is so, the taxpayer argues, because for a two-day period in 1991 — *after* the tax period in question in this case — there was in effect an emergency regulation defining "reupholstering services" as a "service" for purposes of the newly enacted statute unrelated to the sales tax — and which survived only briefly[3] — taxing "services."

There is no merit to the taxpayer's position. It is enough to say here that "[o]nly with hesitation is the doctrine of estoppel invoked against the government in the exercise of its public duties." *Corea* v. *Assessors of Bedford,* 384 Mass. 809, 809 (1981). This is especially so in tax matters where a taxpayer is

---

[1]Of the estate of Walter R. Leger.

[2]First promulgated in 1979 as 830 Code Mass. Regs. § 64H.03(5)(3), now appearing as 830 Code Mass. Regs. § 64H.1.1(5)(e) (1988).

[3]On July 7, 1990, the Legislature passed St. 1990, c. 121 (subsequently amended by St. 1990, c. 150), amending G. L. c. 64H, § 1, by imposing a sales tax on services. On March 6, 1991, the defendant commissioner filed an emergency regulation, 830 Code Mass. Regs. § 64H.1.6, explaining the general rules that would apply in determining whether certain services were subject to the Massachusetts sales and use taxes under G. L. cc. 64H & 64I, as amended by St. 1990, cc. 121 & 150. Subparagraph 15(e) of the emergency regulation defined "reupholstering services" as a service. Two days later, however, on March 8, 1991, the amendment to G. L. c. 64H, § 1, made by St. 1990, cc. 121 & 150, was repealed.

entitled to an abatement "only if the tax is excessive in amount or illegal." *Commissioner of Rev.* v. *Marr Scaffolding Co.*, 414 Mass. 489, 494 (1993). If the commissioner has made a mistake, the commissioner should not be estopped from correcting that mistake, in "assessing a tax that is otherwise lawfully due." *Id.* at 495, quoting from *John S. Lane & Son, Inc.* v. *Commissioner of Rev.*, 396 Mass. 137, 140 (1985). The taxpayer makes no argument — aside from estoppel — that the tax assessed was illegal. Contrast *Commissioner of Rev.* v. *BayBank Middlesex*, 421 Mass. 736, 740-743 (1996) (the commissioner *retroactively* changed a long-established instruction sheet — which the taxpayer had followed for over forty years — by a notice of assessment sent without warning and without a clear policy statement).

*Decision of the Appellate Tax Board affirmed.*

The case was submitted on briefs.

*Carl Emmett Baylis* for the taxpayer.

*Edward J. DeAngelo*, Assistant Attorney General, for the Commissioner of Revenue.