The plaintiff, Gina Russo, appeals from a judgment issued by a judge in the Holyoke Division of the District Court Department (District Court) affirming the decision of the board of review of the Department of Unemployment Assistance (department). The department denied Russo's claim for unemployment benefits following her discharge by the defendant, D'Amours Big Y (Big Y), for violation of Big Y's fraud prevention policies governing wire transfers. On appeal, Russo principally contends that she is entitled to unemployment benefits. We affirm.
Background. The following facts are supported by substantial evidence. Big Y's wire transfer policies prohibit employees from conducting a wire transfer based on a request made over the telephone and further require in-person payment in cash or through a debit card for all wire transfers. Big Y does not permit the use of credit cards as the source of funds for wire transfers.
Russo was a shop lift coordinator in the loss prevention department of Big Y for the nine years immediately preceding her termination.[3] By virtue of her position in the loss prevention department and through electronic mail messages (e-mails) dating from 2015, she was aware of Big Y's wire transfer policies. Russo admitted that she understood that wire transfers could not be conducted telephonically and that individuals wishing to conduct wire transfers were required to be present in-person.[4]
Nevertheless, in the early morning hours of January 31, 2017,[5] Russo telephoned the safe clerk in Big Y's West Springfield store to conduct a wire transfer. She had known the safe clerk for years, and the safe clerk knew that Russo worked in the loss prevention department. In contravention of Big Y's policies, Russo asked the safe clerk to conduct a wire transfer for her even though she was not present in-person. Over the telephone, she read a credit card number to the safe clerk, which the safe clerk used to conduct the wire transfer in violation of Big Y's policies. Following an investigation, Big Y terminated Russo's employment.
After the department denied Russo's application for unemployment benefits, Russo sought an administrative appeal. Following a hearing, the review examiner (examiner) affirmed the denial of benefits on the basis that Russo was disqualified from receiving benefits pursuant to G. L. c. 151A, § 25 (e ) (2), because she was discharged for "deliberate misconduct in willful disregard of [Big Y's] interest." The department's board of review denied Russo's application for further review. Russo filed a complaint in the District Court, seeking judicial review of the department's decision. A District Court judge affirmed the decision and judgment entered for the department.
Discussion. We review the department's decision to "determine whether it was unsupported by substantial evidence, arbitrary, capricious, or otherwise based on an error of law." Lincoln Pharmacy of Milford, Inc. v. Commissioner of the Div. of Unemployment Assistance, 74 Mass. App. Ct. 428, 431 (2009). The applicable standard of review is "highly deferential to the agency," requiring us to accord "due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotations and citations omitted). Hotchkiss v. State Racing Comm'n, 45 Mass. App. Ct. 684, 695-696 (1998). "We may not replace the commissioner's choice between two conflicting views even though we might justifiably have made a different choice had the matter been before us in the first instance." Hanover v. Ins. Co. Commissioner of Ins., 443 Mass. 47, 50 (2004).
As set forth supra, there was substantial evidence that Russo was aware of Big Y's fraud prevention policies governing wire transfers, and that Russo nevertheless violated these policies using her position as a loss prevention employee to convince the safe clerk to conduct a wire transfer over the telephone using a credit card. Accordingly, the evidence supported the department's determination that Russo intentionally engaged in conduct she knew was contrary to Big Y's interest. See Gupta v. Deputy Director of the Div. of Employment & Training, 62 Mass. App. Ct. 579, 585 (2004).
On appeal, Russo asserts that the department's decision is arbitrary and capricious because Big Y did not discharge the safe clerk despite her role in the misconduct. This argument is unavailing because, inter alia, Russo has not shown that the safe clerk was similarly situated. To the contrary, Russo was a long-term employee in the loss prevention department of Big Y, and the evidence supports the examiner's determination that Russo used her position to convince the safe clerk to process the wire transfer Russo requested.[6] See Smith v. Director of the Div. of Employment Sec., 384 Mass. 758, 760-761 (1981).
Russo also contends that the examiner did not allow her to submit an account statement for a 2006 wire transfer she conducted using a credit card at Big Y. The examiner permitted Russo to testify to these transactions, credited her testimony, and concluded that the documentation was unnecessary.[7] This evidentiary decision was well within the examiner's discretion in the conduct of the hearing. See Friends & Fishers of the Edgartown Great Pond, Inc. v. Department of Envtl. Protection, 446 Mass. 830, 845-846 (2006). We discern no error.
Judgment affirmed.

Russo was employed by Big Y from 1996 to February, 2017, including nine years in the loss prevention department.

Russo denied that she was aware of the Big Y policy prohibiting the use of a credit card as the source of funds for a wire transfer. The review examiner heard Russo's evidence that in 2006 she used a credit card for a wire transfer. On appeal, Russo claims the examiner did not permit her to submit her 2006 account statements. The record of the hearing shows the examiner considered and credited Russo's testimony as to her use of a credit card in 2006.

Russo telephoned the safe clerk prior to the start of business.

Indeed, the examiner considered the fact that the safe clerk was not discharged in concluding that Russo's benefits could not be denied on the ground that she violated a uniformly enforced policy. See G. L. c. 151A, § 25 (e ) (2).

Nor does the fact that Russo avoided being discharged when she apparently violated Big Y's fraud prevention policies in 2006 entitle her to employment benefits.